Argued and submitted October 22, reversed and remanded for
trial December 10, 1979, reconsideration denied January 17,
petition for review allowed February 12, 1980

# STATE OF OREGON,
*Appellant,*

*v.*

# JEFFREY B. KNOWLES,
*Respondent.*

## (No. 1136, CA 14735)

603 P2d 1211

Robert C. Cannon, Assistant attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Mike Kilpatrick, Mt. Vernon, argued the cause for respondent. With him on the brief was Kilpatricks and Pope, Mt. Vernon.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

RICHARDSON, J.

**RICHARDSON, J.**

The state appeals a pretrial order dismissing an accusatory instrument on the ground of former jeopardy.

On December 3, 1978, a state police officer patrolling a forested area found defendant in possession of an elk and a deer, both had been freshly killed. The officer issued defendant a citation charging, "Illegal Possession Big Game Animal Closed Season To wit: Elk." Defendant was cited to appear in court on December 5, 1978. On December 4, 1978, defendant requested that the officer appear in court, at which time defendant entered a plea of guilty to the charge.

On March 21, 1979, the state filed a District Attorney's Information, charging, in material part:

> "That said Jeffrey B. Knowles on or about the 3rd day of December, 1978, in the county of Harney, Oregon, then and there being, did then and there unlawfully and willfully take a game animal, to-wit: a buck deer, in violation of the Wildlife Laws (out of season), this being the second violation within a ten-year period, a prior conviction for violation of the Wildlife Laws (illegal possession of a big game animal—elk), defendant having pled guilty to this charge on December 4, 1978."

The information charges a Class C felony, ORS 496.992(3), based on a previous conviction of a game law violation within the past ten years.

Defendant, in support of dismissal, argues prosecution for possession of the deer is barred by his plea of guilty to the charge of possession of the elk. He contends that the crimes arose out of the same criminal episode, that under ORS 131.505(5) his plea of guilty means he was prosecuted for the first offense and that therefore the state is barred by ORS 131.515(2) from proceeding on the second offense. This is essentially the same argument advanced by the dissent in *State v. Hammang,* 271 Or 749, 534 P2d 501 (1975), and specifically rejected by the majority opinion. The

majority opinion construed ORS 131.505(5) to apply as a bar only to a prosecution of the same offense which was the subject of the plea of guilty. The court specifically held that a plea of guilty to one of two crimes arising out of the same criminal episode does not bar prosecution of the other crime. This case is procedurally indistinguishable from *State v. Hammang, supra.*

The defendant additionally argues that former jeopardy principles prohibit the state from utilizing one conviction for an offense to enhance the penalty for other offenses arising out of the same criminal episode. Whether the defendant may be subject to multiple penalties for multiple offenses arising from the same criminal episode does not involve double jeopardy considerations.

Reversed and remanded for trial.